IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

```
Case: 2:18-cv-12577
Judge: Drain, Gershwin A.
MJ: Patti, Anthony P.
Filed: 08-17-2018 At 04:04 PM
CMP WITTROCK V. KEDIS ENTERPRISES L
LC ET AL (NA)
```

| | |
|---|---|
| **GREGORY D. WITTROCK**<br><br>Plaintiff,<br><br>v.<br><br>**KEDIS ENTERPRISES LLC**<br><br>Defendants.<br>*Sam Chaud,*<br>*Ray Aggarwal,*<br>*Kentucky Fried Chicken Corporation* | **COMPLAINT**<br><br>**JURY DEMANDED** |

## COMPLAINT

COMES NOW Gregory D. Wittrock, who files this Complaint and alleges as follows:

PARTIES

1. Plaintiff Gregory D. Wittrock resides at 50166 Pine Court, Plymouth, Michigan 48170.

2. Defendant Kedis Enterprises LLC ( "Kedis" ) is a New York Domestic Limited Liability Company organized, existing and doing business under and by virtue of the laws

of the State of New York, with its office and principal place of business located at 1414 Hillside Ave, New Hyde Park, New York, 11040.

3. Defendants Sam Chand and Ray Aggarwal are members of Kedis Enterprises LLC.

4. Defendant Kentucky Fried Chicken Corporation, a Delaware Corporation, 1441 Gardiner Lane Louisville, Kentucky ("KFCC") is a wholly owned subsidiary of Yum!Brands, Inc., a North Carolina Corporation, 1441 Gardiner Lane Louisville, Kentucky (Collectively hereinafter referred to as "KFC") has over 45,000 retail quick serve restaurants located in the United States and globally in many other countries.

JURISDICTION AND VENUE

7. Kedis, KFC, Chand and Aggarwal are, and at all times relevant herein have been, engaged in commerce, or in activities affecting commerce.

8. This is an action under both state law and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26 to recover treble damages, costs of suit, and reasonable attorneys' fees. Plaintiff's federal antitrust claims are based on Defendants' unlawful actions and conspiracy among themselves and with third parties that arise under Section 1 of the Sherman Act, 15 U.S.C. § 1.

9. This Court has original jurisdiction over the federal subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over the appended state law claims pursuant to 28 U.S.C. § 1367.

10. This Court also has diversity jurisdiction over the state law claims. The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is proper in this Court under 15 U.S.C. § 22, because Defendants are found or transact business in this District.

12. Venue is also proper under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

FACTUAL BACKGROUND

THE Raheel Bankruptcy

13. On August 8, 2013, Raheel Foods, Inc. ("Raheel") commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code in the United States District Court, Eastern District of Michigan, Southern Division before the Hon. Marci B. McIvor.

14. Raheel,the Debtor, continued to operate its business and manage its property as debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108 until 2016.

15. In 2015 Raheel operated seven KFC stores in Michigan which it sought to sell pursuant to order of the Court.

16. After extensive marketing of the Debtor's assets by National Franchise Sales, Inc. (the "Broker") and due diligence by parties who expressed an interest in all or a portion of the Debtor's assets, the Debtor entered into an Asset Purchase Agreement (the "APA") with Kedis Enterprises, LLC, ("Kedis") pursuant to which Kedis sought to purchase the Dearborn Heights Store for, among other things, $250,000.00 (the "Kedis Purchase Price"), which was the subject of a Stalking Horse Sale Motion to the Court in which Kedis was the "stalking horse" bidder as part of the APA.

17. In August 2015 the Debtor received a new bid for the Dearborn Heights Store and the Remaining two Stores in the total amount of $425,000.00 from Wittrock (the "New Bid").

18. In addition, Wittrock made a good faith deposit totaling $42,500.00, which represents 10% of the purchase price for the Dearborn Heights Store ($32,500) and the Remaining Stores ($10,000), consistent with the requirements of the Bidding Procedures Orders of the Court and the Asset Purchase Agreement.

19. The Asset Purchase Agreement with Wittrock not only exceeded the Kedis Purchase Price by $175,000, but it also included the Remaining Stores.

20. Pursuant to the asset purchase agreement with Wittrock, the purchase prices were broken down into the following for each of the stores: (a) Dearborn Heights Store, $325,000.00; and (b) Remaining Stores, $100,000. The proposed purchase price of the Dearborn Heights Store exceeded the Kedis Purchase Price alone by $75,000.00 and the Kedis Purchase Price in total by $175,000.

21. The $42,500 deposit made by Wittrock was non-refundable under his signed and executed Asset Purchase Agreement. The Wittrock Asset Purchase Agreement superseded the agreement made by Kedis with the Debtor.

22. David Findling, the Court appointed Receiver for Debtor, was clear that he intended to move the Court to approve the Wittrock Asset Purchase Agreement.

23. Between the time Wittrock signed and executed the Asset Purchase Agreement with David Findling on behalf of Debtor Raheel the following misconduct occured: Kedis orchestrated and conspired to (i) cause the landlord to revoke a substantially reduced rent to Wittrock promised by the landlord of the Wixom Store to the Court appointed Receiver, David Findling, on behalf of and for the benefit of Wittrock (ii) orchestrated and conspired with the landlord of the Dearborn Heights Store to oppose before the Court

the assignment of the lease of this store to Wittrock and, (iii) orchestrated and conspired with KFC to disapprove Wittrock as a franchisee.

## CAUSES OF ACTION

### COUNT I

PER SE UNLAWFUL BOYCOTT OF WITTROCK AND CONSPIRACY TO EXCLUDE WITTROCK FROM COMPETING IN THE MARKET OF QUICK SERVE RESTAURANTS IN VIOLATION OF SECTION 1 OF THE SHERMAN ACT (15 U.S.C. § 1)

24. Wittrock re-alleges and incorporates each of the foregoing paragraphs by reference as if fully set forth herein.

25. Wittrock and Kedis are direct competitors for retail chicken sales.

26. By and through Kedis, Chand, Aggarwal and KFC have all unlawfully conspired and colluded to keep Wittrock out of the Michigan retail chicken market and prevent his purchase of the Raheel KFC stores.

27. On information and belief, Kedis, Chand, Aggarwal and KFC have conspired to drive Wittrock out of the market for retail sales of chicken in the Michigan market and prevent his purchase of the Rahell KFC stores.

28. Wittrock has suffered, and will suffer, substantial harm to it business as the result of Defendants' per se unlawful agreements, combination and conspiracies.

29. WHEREFORE, Plaintiff Wittrock demands that judgment be entered in its favor against Defendants Kedis, Chand, Aggarwal and KFC on Count I of the Complaint for statutory damages including but not limited to treble damages, costs of this action (including reasonable attorney's fees), and for such further relief the Court finds proper and necessary.

## CAUSES OF ACTION

## COUNT I I

TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
BY DEFENDANT

30. Wittrock re-alleges and incorporates each of the foregoing paragraphs by reference as if fully set forth herein.

31. Wittrock had a valid and enforceable contract to purchase three KFC stores in Michigan.

32. Wittrock had a reasonable expectation that he would purchase all three KFC Stores and operate these stores profitably for an indefinite amount of time.

33. Defendants had full knowledge of Wittrock's bussines relationships and contracts with the Court appointed Receiver, David Findling, on behalf of Raheel. Defendants also had full knowledge of Wittrocks' business expectancy with KFC, the landlord of the Wixom store, the landlord of the Dearborn Heights store, Raheel and the Court appointed receiver for Raheel.

34. Defendants intentionally interfered with and induced: (i) the Wixom Landlord to revoke its rent reduction to Wittrock, (ii) the Dearborn Heights Landlord to oppose assignment of the Raheel lease, and (iii) KFC to disapprove of Wittrock as a franchisee.

35. Defendants' conduct disrupted Wittrock's business relationship or expectancy with KFC, two store landlords, Raheel and the Court appointed Receiver for Raheel.

36. Defendants had and have no lawful justification for their tortious interference with Wittrocks' prospective economic advantage to purchase and otherwise operate KFC retail stores.

37. Wittrock has suffered and will continue to suffer damages due to Defendants tortious interference with his prospective economic advantage.

38. WHEREFORE, Plaintiff Wittrock, demands that judgment be entered in his favor against Defendants on Count II of the Complaint for Plaintiff's actual damages, exemplary damages, and for such further relief the Court finds proper and necessary.

## CAUSES OF ACTION

## COUNT I I I

### TORTIOUS INTERFERENCE WITH A CONTRACT BY DEFENDANTS

39. Wittrock re-alleges and incorporates each of the foregoing paragraphs by reference as if fully set forth herein.

40. Wittrock had a valid and enforceable contract to purchase three KFC stores in Michigan.

41. Wittrock had a reasonable expectation that he would purchase all three KFC Stores and operate these stores profitably for an indefinite amount of time.

42. Defendants had full knowledge of Wittrock's contracts with the Court appointed Receiver, David Findling, on behalf of Raheel.

43. Defendants intentionally induced the breach of the contracts

44. Defendants had and have no lawful justification for their tortious interference with Wittrocks' contract for the purchase of the three KFC stores .

45. Wittrock has suffered and will continue to suffer damages due to Defendants tortious interference with his contracts.

46. WHEREFORE, Plaintiff Wittrock, demands that judgment be entered in his favor against Defendants on Count III of the Complaint for Plaintiff's actual damages, exemplary damages, and for such further relief the Court finds proper and necessary.

Respectfully submitted,

s/ Gregory D. Wittrock

50166 Pine Court
Plymouth, Michigan 48170
734-455-7664
734-455-7765 fax
gregwittrock@comcast.net

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Gregory Wittrock

**DEFENDANTS**
Kedis Enterprises LLC et al

**(b)** County of Residence of First Listed Plaintiff: Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____

Case:2:18-cv-12577
Judge: Drain, Gershwin A.
MJ: Patti, Anthony P.
Filed: 08-17-2018 At 04:04 PM
CMP WITTROCK V. KEDIS ENTERPRISES LLC ET AL (NA)

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☒ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 USC § 1
Brief description of cause: Tortious interference w/ a business relationship

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 8/17/2018
SIGNATURE OF ATTORNEY OF RECORD: Gregory Wittrock

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :